UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSALINE BANGURA,  )
 )
    Plaintiff,  )
v.  )  CIVIL ACTION
 )  NO. 16-10614-JGD
DAVID J. SHULKIN, Secretary of the  )
DEPARTMENT OF VETERANS AFFAIRS,  )
 )
    Defendants.  )

# MEMORANDUM OF DECISION AND ORDER ON
# PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT

October 2, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Rosaline Bangura, has brought this action against her former employer, the Department of Veteran Affairs, through its Secretary (collectively, the "VA"), raising a number of claims of discrimination and retaliation in connection with her work as a Certified Nursing Aide and her departure from the VA as a result of her alleged constructive discharge. This matter is before the court on "Plaintiff's Motion for Leave to Amend Her Complaint." (Docket No. 39). By this motion, the plaintiff seeks to amend her Complaint to restate Count I as a claim under the Rehabilitation Act ("RA") instead of the Americans with Disability Act ("ADA"), and to add a new count for a claim for promissory estoppel. For the reasons detailed herein, the plaintiff's motion is ALLOWED as to the changes from the ADA to the RA, but DENIED insofar as she is seeking to add a count for promissory estoppel.

## II. **STATEMENT OF FACTS**

### Procedural History

Plaintiff filed her original Complaint on March 29, 2016, and amended the Complaint on August 3, 2016 pursuant to Fed. R. Civ. P. 15(a)(1)(A). In her Amended Complaint, plaintiff added details to her nine causes of action for "retaliation; denial of reasonable accommodation; harassment/hostile work environment; constructive discharge; intentional and/or negligent infliction of emotional distress; breach of contract; and breach of implied covenant of good faith and fair dealing in plaintiff's employment contract and her employment relationship with the defendants." (Am. Compl. (Docket No. 11) ¶ 1). Count I of the Amended Complaint purported to state a claim for failure to accommodate under the ADA. (Id. ¶¶ 23-26). Count II purported to state a claim of retaliation under the RA. (Id. ¶¶ 28-30).

On July 28, 2017, plaintiff again moved to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (Docket No. 39). Plaintiff seeks to bring her claim for failure to accommodate (Count I) under the RA instead of the ADA, and to make the necessary substitutions throughout the Complaint. Plaintiff additionally seeks to add a claim of promissory estoppel against the VA because "she may not have a robust, valid, or sustainable breach of contract claim against the defendants." (Id. at 3). The VA filed a "Partial Opposition to Plaintiff's Motion to Amend the Complaint" on August 2, 2017, contending that the promissory estoppel claim is futile and should be dismissed, but not objecting to plaintiff's request to amend Count I to state a claim under the RA. (See Docket No. 41).[1]

---

[1] Although plaintiff's subsequent "Response (Reply) to Defendants' Partial Opposition to Plaintiff's Motion to Amend Complaint" (Docket No. 43) was filed 14 days late, the Court has considered it in deciding the present issue.

## The Alleged Employment Discrimination

According to her proposed Second Amended Complaint (Docket No. 39-1) ("Second Amended Complaint" or "SAC"), plaintiff was hired by the VA in 2007 to work as a Certified Nursing Aide in the Bedford VA Medical Center in Bedford, Massachusetts. (SAC ¶¶ 4, 6, 8). Plaintiff alleges that she accepted the job with defendants and failed to seek any other employment based on defendants' representation of a discrimination-free workplace. (Id. ¶ 57). Plaintiff, an African American woman of Sierra Leone origin, is disabled with severe arthritis and high blood pressure. (Id. ¶¶ 4, 15). In January 2014, plaintiff returned to work after an illness, with the doctor's advice that she not work more than eight hours a day due to her health conditions. (Id. ¶ 10).

Plaintiff made her doctor's advice known to her management officials, Barbara Mueller, Ann Goulet, and Mary-Ann Petrillo. (Id. ¶ 11). Her management officials allegedly ignored the advice and forced plaintiff to work extra hours, "especially when any employee on the midnight shift called out." (Id.). Mueller and Goulet acted with hostility towards plaintiff, and caused plaintiff's co-workers to also turn against plaintiff with hostility. (Id. ¶ 12). Mueller and Goulet additionally "instigated harassing, intimidating and humiliating conducts" and wrote false reports against plaintiff. (Id.). Plaintiff's accent and manner of speaking were also targeted, and when plaintiff was eating, persons used their hands "to close their noses as if plaintiff's food was stinking" as plaintiff ate. (Id. at ¶ 13).

Plaintiff reported the behavior to management and requested to be reassigned, but her request was denied. (Id. ¶¶ 12, 14). Plaintiff's shift was then changed to the nine-hour morning shift in June 2014, allegedly constructively discharging plaintiff as she was under

medical advisement to not work more than eight hours a day. (Id. ¶¶ 16-17). Defendants knew at the time that plaintiff was unable to work the morning shift, and plaintiff again informed defendants that it would be "against [her] health and medical conditions" to work the morning shift. (Id. ¶ 16). Defendants threatened to arrest plaintiff if she came to work on any evening shift. (Id.).

### III. DISCUSSION

#### A. Standard of Review

The government opposes the amendment of the Complaint to add a claim of promissory estoppel on the basis that the claim is futile. A motion to amend may be denied on the basis of the futility of the underlying claim. See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)). This court finds the government's arguments persuasive.

#### B. Promissory Estoppel

To properly assert a claim of promissory estoppel, "a plaintiff must allege that (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 203 (1st Cir. 2004) (quotations and citations omitted). However, "[t]he traditional doctrine of equitable estoppel does not apply fully in cases of estoppel against the Government. For the Government to be estopped, it is necessary not only that a party have relied on the Government's conduct – the basis of the traditional doctrine – but also that the Government have engaged in 'affirmative misconduct.'" Akbarin v. INS, 669 F.2d 839, 842 (1st Cir. 1982).

"[E]stoppel claims do not ordinarily lie against the government" and therefore a "private individual asserting estoppel against the government has a very heavy burden to bear." Bateman v. FDIC, 112 F. Supp. 2d 89, 94 (D. Mass. 2000) (citation omitted). Indeed, the First Circuit has "repeatedly refused to apply estoppel against the government in ordinary situations where a private party would or might have been estopped." Nagle v. Aton-Boxborough Reg'l Sch. Dist., 576 F.3d 1, 4 (1st Cir. 2009) (finding that there was no promissory estoppel claim where plaintiff's employment was terminated after she was mistakenly given oral approval for leave under the Family and Medical Leave Act); see also Phelps v. FEMA, 785 F.2d 13, 17 (1st Cir. 1986) (explaining that "[i]n a complex government with thousands of agencies and departments, and innumerable employees, there is a very real need to protect the Government against binding commitments by improper conduct of its agents").

In the present case, the plaintiff has not met this heavy burden. Plaintiff asserts that the court should allow her to amend her complaint to state her promissory estoppel claim because at the root of the claim are serious allegations of employment discrimination on the part of the government. (Pl. Reply (Docket No. 43) ¶ 5). However, Title VII and the Rehabilitation Act, under which plaintiff is bringing claims, provide exclusive remedies for plaintiff's claims of employment discrimination against the federal government. See Brown v. GSA, 425 U.S. 820, 835, 96 S. Ct. 1961, 1969, 48 L. Ed. 2d 402 (1976) (Title VII provides "the exclusive judicial remedy for claims of discrimination in federal employment"); Mannie v. Potter, 394 F.3d 977, 982 (7th Cir. 2005) (the Rehabilitation Act is "the sole remedy for federal employees claiming disability discrimination"). Therefore, not only are her claims appropriately covered by other concrete causes of action, but allowing plaintiff to bring her promissory estoppel claim based

on the same allegations of discrimination would enable her to make an impermissible "end run" around Title VII and the Rehabilitation Act. Bateman, 112 F. Supp. 2d at 94-95, and cases cited. As such, plaintiff has not met her "heavy burden" and her proposed promissory estoppel claim is futile.

### C. ADA Revision

Plaintiff's request to bring her claim of failure to accommodate (Count I) under the RA instead of the ADA, and to substitute references to the ADA with the RA, is not opposed by the defendants. Furthermore, these amendments do not alter the substance of her claims. Consequently, plaintiff's motion for leave to amend her Complaint to bring plaintiff's claim for failure to accommodate under the RA instead of the ADA, and to make the necessary related corrections in the Complaint, is GRANTED.

## IV. CONCLUSION

For the reasons detailed herein, "Plaintiff's Motion For Leave to Amend Her Complaint" (Docket No. 39) is GRANTED IN PART and DENIED IN PART. The motion is allowed as to the changes from the ADA to the RA, but denied insofar as the plaintiff is seeking to add a count for promissory estoppel.

                / s / Judith Gail Dein
                Judith Gail Dein
                United States Magistrate Judge