UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROSALINE BANGURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 16-10614-JGD |
| DAVID J. SHULKIN, Secretary of the | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER ON PLAINTIFF'S
# MOTION FOR RECONSIDERATION

January 10, 2019

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is presently before the court on "Plaintiff's Motion for the Court to Reconsider its Rulings and Order of September 26, 2018 (Doc. 84) Granting Defendants [sic] Summary Judgment in this Case" (Docket No. 86). After consideration of the parties' submissions and their oral arguments, this court concludes that the plaintiff's motion for reconsideration must be DENIED.

## II. BACKGROUND

The factual background relevant to the present motion is fully described in this court's September 26, 2018 Memorandum of Decision and Order on Cross-Motions for Summary Judgment ("Order"). Familiarity with the substance of that Order, including both the facts and legal analysis, is assumed and will not be repeated here.

## III. DISCUSSION

Plaintiff's motion for reconsideration is premised primarily on her contention that the existence of surveillance cameras in relevant areas of the hospital is a disputed issue of material fact, and that the court erred in concluding that the plaintiff had not created a genuine dispute by denying the accuracy of the defendant's evidence that the cameras had not been installed until several years after the relevant time period. Despite being given various opportunities to do so, the plaintiff has not identified any additional discovery she believes would enable her to challenge the defendant's facts. After reviewing the summary judgment record and considering all of the arguments made in connection with the motion for reconsideration, this court finds no basis to disturb its earlier Order. Even assuming, arguendo, that the existence of surveillance cameras is a material fact, the court confirms its prior ruling that the plaintiff has failed to create a genuine factual dispute sufficient to defeat the defendant's motion for summary judgment.

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). In addition, "a motion for reconsideration should be granted if the court has patently misunderstood a party or has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (quotations, punctuation and citations omitted). However, such motions "are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have

been presented to the district court prior to judgment.'" Allen, 573 F.3d at 53 (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). "The granting of such a motion is 'an extraordinary remedy which should be used sparingly.'" Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

In her motion for reconsideration, the plaintiff argues, inter alia, that the existence of surveillance cameras in the plaintiff's workplace was a disputed issue of material fact, and that this court improperly made a credibility determination on that issue. The plaintiff asserts that surveillance cameras were installed and operational when the alleged conduct occurred and would support her claims. However, the evidence in the record did not support the existence of the cameras as being in dispute. The defendant attested that surveillance cameras were not installed in the plaintiff's unit until years after the events at issue. (Docket No. 79-1; see Docket No. 81 at 31). Specifically, both an Electronics Technician at the Bedford VA and the VA Police Chief confirmed that no surveillance cameras existed in the plaintiff's unit during the relevant period. (Docket No. 79-1). By contrast, the plaintiff did not provide any evidence in support of her contention – she simply speculated that the defendant was lying and refusing to hand over footage in its possession. (Docket No. 70 ¶¶ 57-58). On motions for summary judgment, courts "afford no evidentiary weight to conclusory allegations, empty rhetoric, [or] unsupported speculation." Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) (quotations omitted) (quoting Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001)). Such unsupported speculation does not create a genuine issue as to a material fact. See Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

This court recognizes that the plaintiff did not receive the defendant's evidence as to the existence of surveillance cameras until the defendant belatedly supplemented an interrogatory answer in connection with its motion for summary judgment. (See Docket No. 79; see also Docket No. 81 at 31). However, the plaintiff has failed to articulate what additional discovery she would have requested had this supplemental answer been provided sooner. When the plaintiff first received the defendant's supplemental answer, she had the opportunity to file a Rule 56(d) motion to take additional discovery on the existence of the surveillance cameras. See Fed. R. Civ. P. 56 (d). The plaintiff failed to do so. During oral arguments on the instant motion, this court also provided the plaintiff with the opportunity to explain what additional discovery she would have requested on the existence of the cameras if she had received the defendant's answer sooner. When the plaintiff failed to identify anything specific at the hearing that she would have sought, this court asked the plaintiff "to submit something that says what discovery, if any, you would take on the issue of the cameras" by January 7, 2019. The plaintiff again failed to avail herself of this opportunity.

At the same hearing, this court also provided the defendant with the opportunity to submit additional relevant documentation, if any, as to the existence of the cameras by January 7, 2019. Due to the government shutdown, on December 26, 2018 the defendant requested an extension as to "the time by which Defendant must file evidence regarding the existence of video cameras in Plaintiff's unit from January 7, 2019, to January 21, 2019." (Docket No. 94 at 1 (emphasis omitted)). This court granted the extension. (Docket No. 95). However, the plaintiff is not affected by the government shutdown, has not requested, nor was she granted, an extension of the filing deadline, and has failed to provide the court with any supplemental

documentation. In light of the plaintiff's repeated failure to specify how the belated submission of the defendant's supplemental interrogatory answer could have potentially affected the record available to the court on the parties' cross-motions for summary judgment, this court need not wait for the defendant to provide its own supplemental filings in order to rule on the plaintiff's motion.

Having carefully reviewed both the motion to reconsider and the plaintiff's supplemental arguments on the motion to reconsider, this court concludes that the plaintiff has failed to present an adequate basis for granting her motion for reconsideration. Mere speculation, without any evidentiary support, does not create a genuine issue of material fact. For the reasons detailed in the Order, the defendant is entitled to summary judgment on all of the plaintiff's claims.

### III. CONCLUSION

For the reasons detailed herein, "Plaintiff's Motion for the Court to Reconsider its Rulings and Order of September 26, 2018 (Doc. 84) Granting Defendants Summary Judgment in this Case" (Docket No. 86) is DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge