UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROSALINE BANGURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 16-10614-JGD |
| DAVID J. SHULKIN, Secretary of the | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER ON PLAINTIFF'S MOTION TO VACATE

March 14, 2019

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is presently before the court on "Plaintiff's Motion for the Court to Vacate its Erroneous and Impatient Order Made on or about January 10, 2019, Denying Plaintiff's Motion to Reconsider, and for the Court to Allow the Parties the Opportunity of Meeting and Complying with its Order of December 7, 2018." (Docket No. 102). The plaintiff contends that this court erred in ruling on her motion for reconsideration without first giving the parties the opportunity to meet and confer. Upon consideration of the parties' submissions and after reviewing the transcript and audio recording of this court's hearing on December 7, 2018, the plaintiff's motion is DENIED.

## II. BACKGROUND

The factual background relevant to the present motion is described in this court's September 26, 2018 Memorandum of Decision and Order on Cross-Motions for Summary Judgment ("Summary Judgment Order"). Familiarity with the substance of the Summary

Judgment Order, including both the facts and legal analysis, is assumed and will not be repeated here.

After this court issued its Summary Judgment Order, the plaintiff moved for reconsideration on October 10, 2018. (See Docket No. 86). In the plaintiff's motion for reconsideration, she argued, inter alia, that the existence of surveillance cameras in the plaintiff's workplace during the relevant period was a disputed issue of material fact, and that this court improperly made a credibility determination on that issue.

This court held a hearing on the motion on December 7, 2018. (See Docket No. 96). During the hearing, plaintiff's counsel argued that the plaintiff had not received the defendant's evidence about the surveillance cameras – which attested that the cameras were installed after the events at issue in this case – until the defendant belatedly supplemented an interrogatory answer in connection with its motion for summary judgment.[1] (See Docket No. 79; see also Docket No. 81 at 31). Despite having received these affidavits before filing her opposition to the motion for summary judgment, the plaintiff had not requested additional discovery on the issue during the summary judgment briefing.

At the hearing on the plaintiff's motion for reconsideration, this court asked the plaintiff what additional discovery she would have requested on the existence of the cameras if she had received the defendant's supplemental interrogatory answer sooner. When the plaintiff failed to identify anything specific at the hearing that she would have sought, this court instructed the parties as follows:

---

[1] Specifically, the defendant attested that both an Electronics Technician at the Bedford VA and the VA Police Chief confirmed that no surveillance cameras existed in the plaintiff's unit during the relevant period. (Docket No. 79-1).

> COURT:  I will take [the motion for reconsideration] under advisement, but what I would like in the - - I would like you [the plaintiff] to submit something that says what you would, what discovery, if any, you would take on the issue of the cameras.
>
> And why don't you [the defendant] look and see if there's any documentation or something that [reflects] when things were installed ....
>
> So three weeks from today I'd like . . . supplemental submissions.  And I, I don't want anybody to read into this though.  I don't know where I would go.  I don't know that it's necessary.

After learning that setting a deadline of three weeks would intersect with the holidays, the court adjusted the deadline:

> THE COURT:  Well, why don't we say by January 7th.
>
> MS. BALAKRISHNA (Government's attorney):  That should - - yeah.  I mean, I - -
>
> THE COURT:  If you can talk before then, you know.
>
> MS. BALAKRISHNA:  Yeah.  Oh.
>
> THE COURT:  I mean, if you have something that you want to - - you can, you can certainly meet before then and talk - -
>
> MS. BALAKRISHNA:  Absolutely.
>
> THE COURT:  - - about if you have anything.  I don't know that there will be one way or the other.  I don't know that this moves the ball forward at all, but I don't want to send you on a wild goose chase.
>
> MS. BALAKRISHNA:  No.  I mean, I will ask them and I will get whatever it is.  I do believe I got everything, but you know, I want to make sure.
>
> THE COURT:  I just - - I actually don't remember what the scope of the submission was.
>
> MS. BALAKRISHNA:  Okay.  No, no problem, your Honor.  I'll, I'll take care of that.
>
> THE COURT:  Okay.
>
> And then you [the plaintiff] need to, after you talk to her, decide whether you, whether you want discovery and what it would be - -

>MR. AMADI (Plaintiff's counsel): Thank - -

>THE COURT: - - okay?

>MR. AMADI: Yes, your Honor.

>THE COURT: And I - - again, but I don't know that I would allow it - -

>MR. AMADI: Thank you, your Honor.

>THE COURT: - - okay?

>MR. AMADI: Yes, your Honor.

Approximately two weeks after the hearing, on December 22, 2018, the government shutdown began. On December 26, 2018 the defendant requested an extension as to "the time by which Defendant must file evidence regarding the existence of video cameras in Plaintiff's unit from January 7, 2019, to January 21, 2019." (Docket No. 94 at 1 (emphasis omitted)). This court granted the extension. (Docket No. 95). The plaintiff did not request and was not granted an extension of her filing deadline. The plaintiff subsequently failed to file a supplemental submission by the deadline, or at any point thereafter, indicating what additional discovery she would take on the issue of the cameras. On January 10, 2019, three days after the plaintiff's deadline to submit a supplemental filing had passed, this court issued an Order on Plaintiff's Motion for Reconsideration ("Reconsideration Order"), denying the plaintiff's motion. As detailed therein, this court concluded that "[e]ven assuming, arguendo, that the existence of surveillance cameras is a material fact, . . . the plaintiff has failed to create a genuine factual dispute sufficient to defeat the defendant's motion for summary judgment." (Docket No. 98 at 2).

Nothing further was heard from the plaintiff until the filing of the instant motion on March 12, 2019. Remarkably, even in the instant motion the plaintiff fails to identify any additional information or discovery she claims she needed on the issue of when the surveillance cameras were installed.

### III. DISCUSSION

The plaintiff contends that this court "ordered" the parties to meet before the plaintiff could submit a supplemental filing. Because defense counsel was prohibited from working during the government shutdown, there was no way for the parties to confer between December 22, 2018 and the supplemental filing deadline. Thus, when the defendant moved for and was granted an extension of its deadline, the plaintiff felt no "reasonable necessity" to move for her own deadline extension, because, she contends, her supplemental filing was contingent upon first speaking with the defendant. In this court's opinion, it is evident from the transcript that this court did not require the parties to meet and confer before submitting their supplemental filings. While the court told the parties that they could "certainly meet before" January 7 to discuss the issue of the cameras, it was not a prerequisite. Nor did this court instruct the parties that the January 7, 2019 deadline was contingent upon the feasibility of such a meeting. Even if the plaintiff was under the mistaken impression that she had to meet and confer with the defendant before submitting her filing, that would not have relieved her of the burden of seeking an extension. As the court stated in its Reconsideration Order, the plaintiff was not affected by the government shutdown, did not request, and was not granted, an extension of the filing deadline.

More importantly, the plaintiff has failed to demonstrate how she was prejudiced by this court's Reconsideration Order, given that she has still failed to answer the question of what additional discovery she would take on the existence of the cameras. As detailed in this court's Reconsideration Order, the plaintiff repeatedly failed to specify what discovery she would seek, despite being given numerous opportunities to do so: she failed to file a Rule 56(d) motion to take additional discovery when she received the defendant's supplemental answer; she failed to identify what additional discovery she would have requested when asked by this court at the December 7 hearing; and she failed to submit a supplemental filing on the issue after this court's explicit invitation to do so. Now, despite characterizing the Reconsideration Order as being "hurried and impatient" in her present motion – filed 61 days[2] after the Order issued – the plaintiff has, once again, entirely ignored the question. This court can discern no basis for granting the present motion.

### IV. CONCLUSION

For the reasons detailed herein, "Plaintiff's Motion for the Court to Vacate its Erroneous and Impatient Order Made on or about January 10, 2019, Denying Plaintiff's Motion to Reconsider, and for the Court to Allow the Parties the Opportunity of Meeting and Complying with its Order of December 7, 2018" (Docket No. 102) is DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[2] The plaintiff took her present position on the Reconsideration Order at least as early as January 23, 2019, when plaintiff's counsel contacted defense counsel to convey his client's position, along with a copy of the transcript from the December 7, 2018 hearing. (See Docket No. 103 at 5; Docket No. 103-1 at 2). Defense counsel responded on January 28, 2019, after the government shutdown was over, to indicate that she did not agree with the plaintiff's position. (See Docket No. 103-1 at 2). Inexplicably, the plaintiff proceeded to wait another 43 days before moving to file the instant motion.